IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PHARMMD SOLUTIONS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DENISE KEHOE and )<br>PERFORMRX, LLC, )<br>)<br>Defendants. ) | Case No.: 3-11-cv-00255 |

## STIPULATED PROTECTIVE ORDER

WHEREAS, the Parties, Plaintiff PharmMD Solutions, LLC, and Defendant Denise Kehoe (hereinafter "Parties"), and non-Parties may, during the course of this action, be required to disclose trade secrets and other confidential research, development, marketing, or proprietary commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, PerformRX has been served with process, but has not yet agreed to the personal jurisdiction of this Court and is not a party to this Stipulated Protective Order; and

WHEREAS, the Parties, through counsel, have moved for entry of this Protective Order pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information;

IT IS HEREBY ORDERED that the following provisions of this Protective Order regarding confidentiality (hereinafter "Order") shall govern, *nunc pro tunc*, and control the disclosure, dissemination, and use of information in this action.

1. This Order shall govern the production, use, and disclosure of confidential documents and information produced, used, or disclosed in connection with these actions and designated in accordance with this Order. **The designation of documents and information as "HIGHLY CONFIDENTIAL" as provided herein generally limits access to such documents and information to counsel of record in this proceeding who is not permitted to share or disclose such HIGHLY CONFIDENTIAL documents or information to their clients, directly or indirectly except in strict compliance with this Order.** Any Party or non-Party disclosing information (hereinafter "Disclosing Party") may designate information or documents produced, used, or disclosed in connection with these actions as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and subject to the protections and requirements of this Order, if so designated in writing to each Party, by stamping the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the documents or information prior to production, or orally if recorded as part of a deposition or court record, pursuant to the terms of this Order.

2. In designating information and materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" counsel for a Disclosing Party will make such designation only as to that information that he or she in good faith believes to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as defined in Paragraph 2(a) or 2(b) of this Order.

    a. "CONFIDENTIAL" means information and documents that either Party believes in good faith should be kept confidential and should not be discussed or disclosed with/to anyone not involved in the above-captioned matter and/or used by any other Party for purposes other than the direct prosecution or defense of the claims at issue in this lawsuit. The "CONFIDENTIAL" category shall be invoked by a Disclosing Party only relative to documents

or categories of documents that contain confidential information that legitimately falls within the definition of protectable documents under Fed. R. Civ. P. 26(c).

      b. "HIGHLY CONFIDENTIAL" means only confidential information and documents as defined in 2(a) which warrant further protection because a Party believes in good faith that the information or documents, if disclosed to another Party, would tend to damage the Disclosing Party's competitive position.

    3. To the extent the Disclosing Party is a non-Party to the current litigation, counsel for the Parties to the current litigation may change the designation of a document under the circumstances of Paragraph 3(a) and 3(b) of this Order.

      a. If a non-Party produces information designated as "CONFIDENTIAL" or produces information without any confidentiality designation, a Party has the right to change such designation to the extent the designated, or non-designated, information at issue contains information that the Party in good faith deems "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to that Party as defined by Paragraph 2. Any re-designation by a Party will be given full effect of protection under this Order.

      b. If a non-Party re-designates information containing a Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, a Party has the right to change such designation to the extent the re-designated document at issue contains information that the Party in good faith deems "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to that Party as defined by Paragraph 2. A non-Party or Party may challenge the changed designation. Any challenge to such re-designation must follow the requirements of Paragraph 7 of this Order.

    4. In the case of a document, a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be accomplished by marking the document with the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." **As regards the documents filed with the Court under seal as exhibits to the Complaint on March 11, 2011, such documents shall be treated as <u>HIGHLY CONFIDENTIAL</u> regardless of how they were marked at the time of filing.** Marking the cover of a multi-page document shall not designate all pages of the document confidential; rather, each page containing confidential information must be separately marked. As to those documents that are produced for examination for the purposes of allowing opposing counsel to determine which of those documents opposing counsel desires copies, those documents shall be treated as "HIGHLY CONFIDENTIAL" pursuant to this Order, whether or not marked, until copies of the documents are requested and produced, at which time the produced documents and information therein shall be held pursuant to this Order based upon the designation, if any, marked upon the documents by the Disclosing Party.

5. Information conveyed or discussed in testimony at a deposition or a court hearing shall be subject to this Order provided it is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" orally or in writing either at or after the time the testimony is given. During such time as any information or documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are disclosed in a deposition or court hearing, any Party shall have the right to exclude from attendance at the deposition or court hearing any person who is not entitled to receive such information or documents pursuant to this Order. Unless counsel for a Party states otherwise on the record, the entire deposition transcript for each deponent in this action and the information contained therein is to be treated as "HIGHLY CONFIDENTIAL" for a period of time not to exceed 30 days after the Party receives a copy of the deposition transcript, during which time the Party may designate, in writing, specific portions of the transcript "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate. If the Party fails to

4

Case 3:11-cv-00255  Document 7-1  Filed 03/23/11  Page 4 of 16 PageID #: 281

designate in writing any portions of the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" within the 30 day period, the other Parties shall be permitted to use the transcript and the information contained therein with no restrictions of confidentiality subject to the provisions of paragraph 6 below.

6. Subject to the provisions of Paragraphs 2, 3 and 4, the failure to designate information or documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with this Order and the failure to object to such a designation shall not preclude a Party at a later time from subsequently designating or objecting to the designation of such information or documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The Parties understand and acknowledge that failure of a Party to designate information or documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" relieves the receiving Party of obligations of confidentiality until such a designation is made, except as otherwise provided herein.

7. A Party that objects to the designation of any document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall provide written notice of the objection to the Disclosing Party or, if the Disclosing Party is a non-party, to the other Party. The notice shall state with specificity the document objected to and the basis for the objection. The Party receiving the notice of objection as to designation shall reply in writing to the notice within 10 days of receipt thereof, accepting, by either changing the designation or maintaining the designation. Failure to respond shall be considered an acceptance of the proposed change in designation as requested in the notice. If the dispute cannot be resolved, the objecting Party may move the Court requesting that the document(s) in question be redesignated. If such motion is brought by the objecting Party, the Disclosing Party shall bear the burden of establishing the need for the protected status of the document(s) in question. No Party shall be under any

obligation to object to any designation of confidentiality at the time such designation is made, or any time thereafter. No Party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time thereafter.

8. Other than by the Disclosing Party, and as further limited by Paragraph 10 below, any information or document designated as "CONFIDENTIAL" shall be used solely in connection with the action and shall not be used in any other manner by a receiving Party. Any such designated information or documents shall not be disclosed to anyone other than:

   a. the Court and Court personnel;

   b. court reporters taking testimony in these actions and their necessary stenographic, videographic, and clerical personnel;

   c. outside counsel of record for the Parties and outside counsel's employees including internal and external document vendors;

   d. Plaintiff and no more than five (5) designated employees of each party, as agreed upon by counsel solely for purposes of the Action, who shall, prior to receiving such disclosure, be furnished with a copy of this Order and shall execute a Declaration in the form of Exhibit A attached hereto, confirming that he/she has read and understands the provisions of this Order and agrees to be bound hereby ("Designated Employees"). The access of Plaintiff and Designated Employees to documents designated "CONFIDENTIAL" shall be limited to the opposing Party's information contained within deposition transcripts and exhibits thereto, written discovery, and documents filed with the Court, including exhibits thereto.

   e. experts, investigators, jury consultants, and mock jury members that are not presently employees of a Party, provided, however, that before any such person other than a mock jury member is shown or receives any information or document designated as

"CONFIDENTIAL," he or she must execute a Declaration in the form of Exhibit A attached hereto and the procedures of Paragraph 11 shall be followed;

  f. persons testifying in depositions or court proceedings (including, without limitation, persons preparing to testify in such depositions or court proceedings) to the extent the "CONFIDENTIAL" document or information was authored by, addressed to, or received by the person or Party testifying; and

  g. such other persons as the Parties may designate in writing by stipulation or orally agree upon on the record at a deposition in these actions, provided, however, that before such person is shown or receives any information or document designated as "CONFIDENTIAL," he or she must (1) execute a Declaration in the form of Exhibit A attached hereto or (2) agree orally on the record at a deposition in these actions to be bound by the terms of this Order, and further provided that any documents designated as "CONFIDENTIAL" shall not be left in the possession of the person subject to this subparagraph "g," except as may be required by Fed. R. Civ. P. 30 or unless the person otherwise qualifies for access to such documents pursuant to this Order.

  9. Other than by the Disclosing Party and as limited by Paragraph 10 below, any information or document designated as "HIGHLY CONFIDENTIAL" shall be used solely in connection with the action and shall not be used in any other manner by a receiving Party. Any such designated information or documents shall not be disclosed to anyone other than:

  a. the Court and Court personnel;

  b. court reporters taking testimony in these actions and their necessary stenographic, videographic, and clerical personnel;

c. outside counsel of record for the Parties and outside counsel's employees including internal and external document vendors;

d. experts, jury consultants, and mock jury members that are not presently employees of a Party, provided, however, that before any such person other than a mock jury member is shown or receives any information or document designated as "HIGHLY CONFIDENTIAL" he or she must execute a Declaration in the form of Exhibit A attached hereto and the procedures of Paragraph 11 shall be followed;

e. persons testifying in depositions or court proceedings (including, without limitation, persons preparing to testify in such depositions or court proceedings) to the extent the "HIGHLY CONFIDENTIAL" document or information was authored by, addressed to, or received by the person or Party testifying;

f. for information or documents produced by either Party in this action, and subject to subparagraph 9(g) below, such other persons as the Parties may designate in writing by stipulation or orally agree upon on the record at a deposition in these actions, provided, however, that before such person is shown or receives any information or document designated as "HIGHLY CONFIDENTIAL," he or she must (1) execute a Declaration in the form of Exhibit A attached hereto or (2) agree orally on the record at a deposition in these actions to be bound by the terms of this Order, and further provided that any documents designated as "HIGHLY CONFIDENTIAL" shall not be left in the possession of the person subject to this subparagraph "f," except as may be required by Fed. R. Civ. P. 30 or unless the person otherwise qualifies for access to such documents pursuant to this Order.

g. for information or documents produced by a non-Party to this action, such other persons as the non-Party may designate in writing by stipulation or orally agree upon on

8

the record at a deposition in these actions, provided, however, that before such person is shown or receives any information or document designated as "HIGHLY CONFIDENTIAL," he or she must (1) execute a Declaration in the form of Exhibit A attached hereto or (2) agree orally on the record at a deposition in these actions to be bound by the terms of this Order, and further provided that any documents designated as "HIGHLY CONFIDENTIAL" shall not be left in the possession of the person subject to this subparagraph "g," except as may be required by Fed. R. Civ. P. 30 or unless the person otherwise qualifies for access to such documents pursuant to this Order.

10. The attorneys of record for each of the Parties shall retain the original, executed Declarations (in the form of Exhibit A hereto) that have been executed by that Party and/or its employees and that Party's witnesses, testifying experts, investigators, consultants, advisors, and jury consultants. It shall be sufficient for a testifying expert, investigator, consultant, advisor, and jury consultant to execute the Declaration on behalf of the members and employees of his or her firm; no additional Declarations are necessary from such members and employees. Prior to disclosure of any documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to any experts, a copy of the executed Declaration shall be served upon opposing counsel via email and overnight delivery and, for non-Party documents or information designated by the non-Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," upon the non-Party (with a copy of such person's curriculum vitae, a general statement of any prior or current relationship or connection with either Party, a list of all cases in which such person has been deposed or has testified as an expert, and a general statement as to the issues the expert is intended to opine upon attached). Opposing counsel and, if applicable, each non-Party, shall make any objections to the disclosure to the testifying expert in writing no later than ten (10)

business days from the date of receipt of the hard copy received via overnight delivery. No such disclosure shall occur until the objection is resolved or the Court grants a motion permitting the disclosure. The burden to file any such motion is on the Party that seeks to object to the disclosure of documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to a testifying expert. Any such motion must be filed with the Court within five (5) business days of raising the objection and explain in detail the basis for the objection. Any such objections to the disclosure must be in good faith and not interposed for purposes of delay or harassment. Except as permitted by Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure, the Parties agree that no written or oral discovery of consulting experts may be taken until and unless such expert is designated as a testifying expert.

11. Whenever any document designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or any pleading, motion, memorandum, or other paper designated as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information is filed with the Court, such document or pleading, motion, memorandum, or other paper shall be filed under seal and shall display a bold heading on its first page in substantially the following form: "FILED UNDER SEAL SUBJECT TO PROTECTIVE ORDER." The Clerk of the Court is directed to maintain under seal only those documents and transcripts of deposition testimony filed in the Court in this litigation which have been designated, in whole or in part, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by a Party to this litigation. Such designation shall be readily visible and legible on at least the cover of each such document and/or transcript filed with the Court.

12. Unless otherwise permitted herein, within sixty (60) days after the final disposition of the action, including all appeals therefrom, all documents (originals and copies)

designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and all excerpts therefrom in the possession, custody, or control of Parties other than the Disclosing Party, and experts, investigators, advisors, or consultants shall be destroyed or returned to counsel for the Disclosing Party. Outside Counsel for Parties other than the Disclosing Party may retain one copy of each document, pleading, trial exhibit, deposition exhibit, work product, and transcript embodying documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" for archival purposes only, but shall destroyed or return all additional copies of such documents, pleadings, trial exhibits, deposition exhibits, work product, and transcripts. Upon request, the Parties and their counsel shall separately provide written certification to the Disclosing Party within sixty (60) days after the final disposition of these actions that the actions required by this paragraph have been completed.

13. The Court shall retain jurisdiction over the Parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order and such other and further relief as may be necessary, and any Party may apply to the Court at any time for an amendment, modification, or addition to this Order. This Order shall survive the final disposition of the action by judgment, dismissal, settlement, or otherwise.

14. A Party in receipt of documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" hereunder who is required to disclose the document or information pursuant to any law, regulation, order, or rule of any governmental authority, shall give immediate advance notice within five (5) business days, to the extent possible, or, if not possible, shall give notice as soon as possible thereafter, of any such requested or actual disclosure in writing to the counsel of the other Parties to afford the Parties the opportunity to seek legal protection from or otherwise limit the disclosure of such information or documents.

15. In the event that anyone violates or threatens to violate the terms of this Order, the Parties agree that the aggrieved Party may apply immediately to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved Party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto any claim that the aggrieved Party possesses an adequate remedy at law.

16. Neither this Order nor any stipulation therefor, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by any Party that any information or documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" hereunder is or is not a trade secret or confidential information for purposes of determining the merits of any claim or claims any Party may have against one another or a third Party. Neither this Order nor any stipulation therefore shall be deemed to expand the scope of discovery in these actions beyond the limits otherwise prescribed by law, nor to enlarge the scope of discovery to matters unrelated to these actions.

17. Inadvertent production of documents subject to work product immunity, the attorney-client privilege, or any other privilege or immunity shall not constitute a waiver of the immunity or privilege; provided that the Disclosing Party notifies the receiving Party in writing via facsimile or email of such inadvertent production immediately upon learning of same. Such inadvertently produced documents, and all copies thereof, shall be returned to the Disclosing Party upon request within three (3) business days except that, if the receiving Party intends to request that the Court order the production of any such inadvertently produced documents, it may retain one copy of the document for such purpose and if so, notify the Disclosing Party promptly. The receiving Party must return such inadvertently produced documents if the receiving Party does not request such relief from the Court within five (5) business days or if the

Court denies any such relief, whichever is longer, and no use may be made of such documents thereafter. Nothing in this Protective Order shall prevent the receiving Party from requesting that the Court order the production of any such inadvertently produced documents. Nothing in this Protective Order prevents any Party from petitioning the Court for return of later discovered, inadvertently produced documents that are subject to work product immunity or attorney-client privilege.

18. Nothing in this Protective Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing; any request for confidentiality, closure, or sealing of any hearing or trial must be made to the judge then presiding over this action. A Party intending to introduce confidential information or documentation at any hearing or trial in this action will approach the bench for a ruling on how the information or documentation is to be treated.

19. The provisions of this Stipulated Protective Order shall not permit or require the delivery or production of any CONFIDENTIAL or HIGHLY CONFIDENTIAL documents or information to PerformRX or any other party to this litigation unless and until (a) counsel of record has agreed in writing to join in and be bound by this Stipulated Protective Order both on behalf of the party and counsel individually, or (b) further Order of the Court.

**IT IS SO ORDERED:**

Date: 3-23-11

_____
Judge

Respectfully submitted,

  s/ Margaret R. T. Myers
C. Timothy Gary (No.15463)
Margaret R.T. Myers (No. 20506)
Rachel K. Ross (No. 27501)
424 Church Street, Suite 2800
Nashville, Tennessee 37219
Telephone: (615) 259-1450
Facsimile: (615) 259-1470
tim.gary@arlaw.com
margaret.myers@arlaw.com
rachel.ross@arlaw.com

*Attorneys for Plaintiff PharmMD Solutions, LLC*


  s/ Mekesha H. Montgomery w/permission MRTM
Mekesha H. Montgomery (No. 25831)
Brian C. Neal (No. 22532)
424 Church Street, Suite 1600
Nashville, Tennessee 37219
Telephone: (615) 251-5585
Facsimile: (615) 251-5551
mmontgomery@fbtlaw.com
bneal@fbtlaw.com

*Attorney for Defendant Denise Kehoe*

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| PHARMMD SOLUTIONS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3-11-cv-00255 |
| ) | |
| DENISE KEHOE and ) | |
| PERFORMRX, LLC, ) | |
| ) | |
| Defendants. ) | |

**DECLARATION OF** _____ (Name of Declarant)

I, _____, declare as follows:

1. My address is _____.

2. If I am an expert, a copy of my curriculum vitae is attached.

3. My present employer is _____.

4. My present occupation or job description is _____.

5. I have received a copy of the Protective Order entered in these actions on _____.

6. I have carefully read and understood the provisions of the Protective Order.

7. I will comply with all of the provisions of the Protective Order.

8. I will hold in confidence, not to disclose to anyone not designated in the

Protective Order, and will use only for the purposes of assisting in the resolution of disputes between the Parties to these actions, any information or documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

9. I will return all documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that may come into my possession, and documents or things which I may prepare relating thereto, to counsel for the Party who disclosed or furnished such documents to me promptly upon the request of counsel for all Parties or, if applicable, upon the request of counsel by whom I have been retained, or upon the conclusion of these actions.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcement against me of the terms of the Protective Order and of the terms of this Declaration.

11. I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ in _____.


_____
(Signature)