# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| PHARMMD SOLUTIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 3:11-00255 |
| | ) JUDGE HAYNES |
| DENISE KEHOE and | ) |
| PERFORMRX, LLC, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff, PharmMD Solutions, LLC, a Tennessee limited liability corporation with its principal place of business in Tennessee, originally filed an action in the Circuit Court of Davidson County, Tennessee, against the Defendants: Denise Kehoe, a citizen and resident of Illinois, and PerformRx, LLC, a Pennsylvania limited liability corporation with its principal place of business in Pennsylvania, for breach of contract and injunctive relief. Defendants removed the action to this Court under 28 U.S.C. § 1332, the diversity jurisdiction statute. In its notice of removal, Defendants assert complete diversity of citizenship and an amount in controversy exceeding $75,000. In sum, Plaintiff's claim is that Defendants breached the restrictive covenants in Defendant Kehoe's employment agreements with the Plaintiff.

Before the Court is the Defendants' motion to dismiss or in the alternative to transfer venue (Docket Entry No. 32), contending, in sum, that that the Court lacks personal jurisdiction over the Defendants who primarily operate in Pennsylvania and that alternatively, this action should be transferred to the Eastern District of Pennsylvania where the controversy arose and the Defendants and key, material third-party witnesses reside.

In its response (Docket Entry No. 48), Plaintiff asserts that that Defendants had

1

significant contacts with Tennessee to justify jurisdiction in Tennessee, that transfer of this action to the Eastern District of Pennsylvania is improper because witnesses and evidence are also located in Tennessee, and that Plaintiff's choice of forum should be given significant weight given that Plaintiff and Defendant Kehoe's agreement designates Davidson County, Tennessee as the chosen forum.

Upon review of the file, Defendants' motion to dismiss (Docket Entry No. 32) is **DENIED**. Defendants rely primarily on Amsurg Corp. v. Principati, 2011 WL 780676 (M.D. Tenn. February 28, 2011), but the facts here are distinguishable from that case. First, the agreements signed by Defendant Kehoe specifically designate Davidson County, Tennessee as the chosen forum for any disputes. There was not any forum selection clause in Amsurg. Further, Defendant Kehoe was paid for her work with the Plaintiff in Tennessee. In a word, Defendant Kehoe bears little similarity to the defendant in Amsurg.

Further, the Court has specific jurisdiction over Defendant PerformRx. Defendant PerformRx was aware that its "conduct and connection with the forum State are such that he should reasonably anticipate being haled into court" in Tennessee. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Defendant Kehoe stated in her deposition that the President of PerformRx spoke with the CEO of PharmMD about Kehoe's employment with PerformRx and specifically about Kehoe's employment contract and non-compete restrictive covenant with PharmMD. Defendant PerformRX had a reasonable expectation that it could be hailed into a Tennessee court based on its decision to hire and continue to employ Defendant Kehoe.

Additionally, Plaintiff's allegations in its complaint give rise to the "conspiracy theory of jurisdiction," adopted by the Tennessee Supreme Court: "when (1) two or more individuals

conspire to do something, (2) that they could reasonably expect to lead to consequences in a particular forum, if (3) one co-conspirator commits overt acts in furtherance of the conspiracy, and (4) those acts are of a type which, if committed by a non-resident, would subject the non-resident to personal jurisdiction under the long-arm statute of the forum state, then those overt acts are attributable to the other co-conspirators, who thus become subject to personal jurisdiction in the forum, even if they have no direct contacts with the forum." Chenault v. Walker, 36 S.W.3d 45, 53 (Tenn. 2001). Under the facts alleged here, Defendant Perform RX's foreknowledge of Defendant Kehoe's non-compete restrictive covenant with PharmMD and its alleged subsequent actions in violation of that agreement allow for jurisdiction in Tennessee. As such, the Court finds that it has jurisdiction over all Defendants.

It is so **ORDERED**.

ENTERED this the 26th day of April, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge